Pratt,' J.
—This is an appeal from an order dissolving a temporary injunction obtained by plaintiff restraining the defendant from laying water mains through the village of Tarrytown.
There is no allegation in the complaint that the defendant is insolvent and the order can properly be upheld as a discretionary order.
*817 It is not usual to enjoin a mere trespass unless it is made to appear that the damages are irreparable or the defendant insolvent.
By holding the injunction the work of the defendants would be brought to a standstill, while the most injury that could happen to the plaintiff would be a slight inconvenience for about ten days by reason of the streets being dug up and occupied in part.
This view of the matter renders it unnecessary to discuss the questions of law raised by the respective parties. These questions' can be disposed of upon a trial of the merits.
We think, however, upon the papers submitted to the court below, it must be assumed that the defendant was fully organized and in actual operation, and, hence, was entitled to use the powers conferred by chapter 483 of the Laws of 1883.
It seems to us that the court below was right in holding that it was the intention of the legislature, considering all the statutes upon this subject together, to provide a scheme by which a water company provided with an adequate supply of water and an operative system for its distribution might extend its operations to contiguous localities by passing its pipes along intervening streets and public places.
It seems to be conceded that the defendant could properly lay its pipes to North Tarrytown, and if such is the fact, it now having made a contract with the villages of Dobbs’ Ferry and Hastings, it follows it may now lay its pipes to such places to perform its contract under Laws of 1873 and 1883 upon this subject.
We think the order was right and it must be affirmed, with costs.
Barnard, P. J., concurs; Dykman, J., not sitting.
The following is the opinion of Dykman, J., on dissolving the injunction:
Dykman, J.
—The defendant in this action is a trading corporation, organized under chapter 737, of the Laws of 1873, by the consent and permission of the village of North Tarrytown, in Westchester county. By the fourth section of that law any such corporation is authorized to lay water pipes in any street or avenue of an adjoining town or village to the town or village where the application for its creation was granted. That was the only specific provision contained in the law for the plantation of water pipes, and conferred a right to be exercised independent of municipal *818 consent. The power to exercise the right of eminent domain was not then delegated to the water companies, and their operations were confined to the village of their birth. In the widest sense, section 4 alone imparted only the right to lay down water pipes to such village only.
Chapter 415, of the Laws of 1876, for the first time bestowed upon water corporations having a contract with any town or village the power to acquire land and water by the exercise of the right of eminent domain. That, however, was a measure provided for the acquisition of private property and private rights, and had no reference to municipal authority.
Then followed chapter 483, of the Laws of 1883, clothing these corporations with power to make contracts with any other town or village in the county of their organization to supply it with water, and such contracts are made as binding and valid as if the corporation had been organized in such town or village.
Section two of the last named law is as follows: “All the rights, powers and privileges conferred, and all the duties and obligations imposed by said chapter 737, of the Laws of 1873, and by all acts supplementary thereto or amendatory thereof, are hereby conferred upon any such company so contracting with any other town or village, or the authorities thereof, for the purpose of enabling it to carry out and perform such contract, and all the provisions of said act, and of all acts supplementary thereto or amendatory thereof and not inconsistent with this act, are hereby made applicable to any such company, and town or village so contracting, so far as the same can be made applicable thereto.
Planting itself upon the provisions of this section, vhe defendant has made contracts with the villages of Dobbs’ Ferry and Hastings to supply them with water, and now claims the right, in the execution of such contracts, to lay down its water pipes through the village of Tarrytown, which lies in its path to the other villages, under the power bestowed by section four of the Laws of 1873, and extended by this section to all other contracting towns and villages.
Resisting such construction of these statutes, and the privileges of the defendant to exercise its authority oyer its streets, the village of Tarrytown commenced this action^ to restrain defendant therefrom, and procured an injunction for that purpose which the defendant now moves to dissolve.
The question thus presented is somewhat embarrassing, and it would be more satisfactory if it could be decided by the light of antecedent judicial construction and authority,
Assuming, however, as we must, that section'four of the Laws of 1873 invested these water corporations with power to lay down their pipes in any street of an adjoining village *819 to the town or village where their application for formation was granted, and then turning to the grant contained in section two of the Laws of 1883 already quoted at length, where all the rights, powers and privileges conferred by the Laws of 1873, are imparted to a company contracting to furnish water to any other village to enable it to perform such contract, and all the provisions of that law, and its supplements are made applicable to such company and town and village, and the judicial mind seems led to the conclusion contended for by the defendant.
In no other wa^ can all the powers conferred by section four be made applicable to the defendant, and the contracting villages of Dobbs’ Perry and Hastings.
If, under this section, the defendant could at first lay down water pipes to North Tarrytown, as it could, it can now lay them to the other villages.
Under such a construction, force and significance are imparted to all the statutes, and they constitute a harmonious system for a great and beneficent purpose.
It seems to have been the intention of the legislature consummated by several efforts to provide a scheme by which one water corporation provided with an adequate supply of pure and wholesome water, and an operative system for its distribution, might furnish such water, to contiguous localities by passing its pipes along intervening streets and public places.
When the domain of all municipal authorities is bestowed by the legislature for governmental purposes, it may be disturbed and limited by the authority of the law making power. It is therefore within the authority of the legislature to subordinate the streets and highways devoted to public purposes to another and augmented use, and it was the office of section four of the Laws of 1873, to express the intention of the legislature to devote the streets to an additional purpose, and such manifestation was essential to the exercise of the right.
Then if the subsequent legislation extended the same provision to other streets so as to embrace them also, as we have concluded it did, they may be also subjected to this same additional use and burthen.
No disposition can be made now of the questions introduced upon the argument respecting the regularity of the organization of the defendant or its financial condition.
It has been brought into court as a legal corporate entity, and it is such for the purposes of this action. The motion to dissolve the injunction is granted without costs, and the plaintiffs may discontinue their action without costs, if so advised.